PINCUS CHAVIAS, Respondent, v. AL TURNER, Appellant.*

*Husband and wife — action for alienation of affections — bill of particulars.*

Appeal from an order of the Supreme Court, entered in the Bronx county clerk's office July 31, 1920, denying the defendant's motion for a bill of particulars.

PER CURIAM: The order should be reversed and the motion granted to the extent that the plaintiff must give a bill of particulars of the gifts and payments of money claimed to have been made by the defendant to the plaintiff's wife, to what places of amusement he has taken her and the times when he drove her in automobiles, and in what manner he has harbored the plaintiff's wife against the consent of the plaintiff. The plaintiff must give further particulars of the expense to which he has been put in defending the action for the annulment of the marriage, which action was claimed to have been induced by the defendant. Present — Clarke, P. J., Laughlin, Dowling, Smith and Greenbaum, JJ. Order reversed and motion granted to extent stated in opinion. Settle order on notice.

———

IVAN FRANK and JACOB LONDON, Copartners, Doing Business under the Firm Name and Style of MANHATTAN WASH SUIT COMPANY, Respondents, v. MATTHEW N. RYAN, Doing Business under the Name and Style of WILLIAM H. BROWN, SON & COMPANY, Appellant.

*Trial — requests to charge — prejudicial error.*

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office January 31, 1919, upon the verdict of a jury, and also from an order, dated January 28, 1919, and entered in said clerk's office, denying a motion for a new trial.

PER CURIAM: The appellant's attorney at the close of the trial handed up to the learned trial justice requests to charge, one of which was as to the plaintiff's burden of proof. It appears from the record that the trial justice marked this request as " charged." The record, however, discloses that in fact the jury was not instructed as requested and the defendant's attorney duly excepted to the refusal to charge as requested. There were questions of fact which were sharply contested upon the trial. Under the circumstances the court is constrained to reverse the judgment and order appealed from and direct a new trial, with costs to appellant to abide the event. Present — Clarke, P. J., Dowling, Smith, Page and Greenbaum, JJ. Judgment and order reversed and a new trial ordered, with costs to appellant to abide event.

* See *post*, p. 904.— [REP.